OPINION OF THE COURT
Leon A. Beerman, J.
Defendant, Maria Passas, moves for an order dismissing the indictment due to the alleged failure of the District Attorney to properly dispose of the alleged stolen property pursuant to the requirements of Penal Law § 450.10.
Defense counsel alleges that the defendant was arrested on March 16, 1985 and that he was assigned to represent her pursuant to County Law article 18-B on March 21, 1985. That on November 1, 1985, at a hearing held before this court, the testimony of the arresting officer indicated that the ignition of the vehicle was "punched.” And that information was supplied by his client which contradicted the officer’s statement.
Subsequent to the hearing, counsel requested that he be permitted to view the vehicle. He was informed by an Assistant District Attorney that the vehicle had been released on March 19, 1985.
Defendant contends that no notice to dispose of the property was properly made upon the defendant’s counsel. That even if counsel who represented defendant for arraignment only was *749 served, that service was ineffective and that the District Attorney was bound to serve defendant with the notice prior to releasing the property.
Penal Law § 450.10 (1) and (4) state in pertinent part:
"1. When property, other than contraband including but not limited to those items subject to the provisions of sections 410.00, 415.00, 420.00 and 420.05 of this chapter, alleged to have been stolen is in the custody of a police officer, a peace officer or a district attorney and a request for its release is made prior to or during the criminal proceeding, it may not be released except as provided in subdivisions two, three and four of this section. When a request is made for the return of stolen property under this section, the police officer, peace officer or district attorney in possession of such property must provide written notice to the defendant or his counsel of such request as soon as practicable. Such notice shall advise the defendant or his counsel of the date on which the property will be released and the name and address of a person with whom arrangements can be made for the examination, testing, photographing, photocopying or other reproduction of said property * * *
"4. (a) * * * when a request is made for the release of property described in subdivision one of this section, and the property shall consist of * * * motor vehicles * * * the property shall be retained until either the expiration of a forty-eight hour period from the receipt by the defendant’s counsel of the notice of the request, or the examination * * * of such property, by the parties whichever event occurs first.”
Defendant was arraigned on March 17, 1985 on charges of criminal possession of stolen property in the second degree and unauthorized use of a vehicle in the third degree in violation of Penal Law § 165.45 (1) and § 165.05 (1), respectively. As indicated in the minutes of the arraignment, defendant was represented by counsel from the Legal Aid Society. The Assistant District Attorney served counsel with the 450.10 notice, which stated that unless a request was made by the defense to inspect the property within 48 hours it would be released. No request was made and on March 19, 1985, the District Attorney obtained an order from the court, Honorable Nicholas Tscoucalous, permitting release of the property.
As defendant was represented by counsel at the arraignment, under Penal Law § 450.10 the defendant did not have to be personally served with the notice. The District Attorney’s *750 statutory obligation was satisfied when it handed over the notice to defense counsel.
Although it may be unfortunate that counsel failed to request an inspection, it was in no way attributable to impropriety on the part of the District Attorney’s office. Were this court now to dismiss the indictment because of the failure of counsel at the arraignment to request the inspection it would open a Pandora’s box inviting myriad motions on omissions by prior attorneys.
Motion denied.